IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142,<br><br>        Plaintiff,<br><br>    vs.<br><br>LT. BAKER, IGS LINDA RIVERA, A/CO COSTA, CHRIS MCKEON, JOHN KNIGHT, JOHN SUA, RACHEL BIRD, COS HOOMANA, TOMMY JOHNSON, SGT. MOCK, ALAN ASATO, DAWN MATSUOKA, RENE G. DELACRUZ ROBIN K. MATSUNAGA, GAVIN TAKENAKA, U.S. ATTORNEYS OFFICE, ERIC TANAKA, VENETIA CARPENTER-ASUI, GOVERNOR LINDA LINGLE, FRANCIS X. SEQUEIRA, ALO SUA, PETER B. CARLISLE, JOHN TIA, LAH, CITY OF AIEA, COUNTY OF HONOLULU,<br><br>        Defendants. | CIVIL NO. 11-00098 HG/KSC<br><br>ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Plaintiff, an inmate at the Halawa Correctional Facility, filed the instant *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff neither paid the filing fee for this action nor moved to proceed *in forma pauperis*. On February 15, 2011, the court ordered Plaintiff to show cause why his complaint should not be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for his failure to pay the filing fee. *See* Doc. 4 ("OSC"). Plaintiff has responded to the OSC, seeking to substitute the United States as plaintiff in this action, so

that the United States may institute an action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* Plaintiff's request is DENIED and this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. **LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The prisoner must be given notice of the potential disqualification under § 1915(g) -- by either the district court or the defendants -- but the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). *Andrews* thus implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g)

dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120.

## II. DISCUSSION

Plaintiff was ordered to show cause why this action should not be dismissed under § 1915(g). In response, Plaintiff seeks to substitute the United States as plaintiff, so that it may investigate Plaintiff's rambling, semi-coherent claims and institute a RICO action against Defendants on Plaintiff's behalf. Plaintiff apparently believes that, if the United States is substituted as Plaintiff, he will not be subject to § 1915(g)'s strictures.

Plaintiff does not dispute that he has filed three or more actions that were dismissed as frivolous, malicious, or for failure to state a claim, while he was incarcerated.[1] Plaintiff does not allege that he is in imminent danger of serious physical injury, and the claims in his complaint do not support such a finding. Plaintiff provides no reason why he should be allowed to circumvent § 1915(g)'s requirements and has failed to carry his burden. *See Andrews*, 398 F.3d at 1121. Plaintiff's Complaint and this action are DISMISSED without prejudice

---

[1] *See e.g., Tia v. Fujita*, Civ. No. 08-00575 (dismissed for failure to state a claim); *Tia v. Criminal Investigation*, Civ. No. 10-00441 (dismissed as frivolous and for failure to state a claim); *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 (dismissed as frivolous and for failure to state a claim).

pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to close the file and enter judgment.

IT IS SO ORDERED.

DATED: March 9, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
*Helen Gillmor*
*United States District Judge*

*Tia v. Baker*, Civ. No. 11-00098 HG/KSC; ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g); psas/3 strike ords/DMP/2011/Tia 11-98 HG (dsm after OSC)